Your Honor, the second case of the morning called 209-80-51-Jain v. Kenneth P. Johnson et al. On behalf of the appellant, Ms. Megan McEwen. On behalf of the appellee, Mr. Dan Hammond. Ms. McEwen. Good morning, Your Honors. May I please look forward? The main issue in this matter comes down to whether the plaintiff can refile his case once pursuant to 735 ILCS 5-13-217, which provides an extension of the period of limitations outside of the statutory limitations as presented forth in 214.3 of the Illinois Civil Procedure Code. In other words, the primary issue here is whether the Savings Clause statute creates an exception to the statute of repose. Yes, Your Honor. There doesn't seem to be any argument that obviously the Savings Statute creates an exception to the general statute of limitations. Correct. That's whether, in other words, it trumps statute of repose, correct? Yes. So to speak. Okay. With regards to examining Section 217, first of all, we have to start by examining the purpose of the statute. In examining that, we have to look at the plain and ordinary meaning of the statute. If the statute was put forth, the legislature put it forth for a reason. To ignore 217 in this matter is to put forth a statute that has no purpose before the legislature. Therefore, the legislature would have put forth a statute that was absurd in that case. And in looking at legislative intent and the purpose of legislative history, we would thus be moving forward that in that case, the statute of 217 would be rendered useless. The legislature's purpose is not to put forth statutes that are rendered useless, but instead to put forth statutes that have purpose and have meaning to all courts. Well, I mean, obviously, we're being called upon to look at the interaction, if you will, between the savings clause and the statute of repose in the section you're citing. I suppose your opponent's probably going to argue that the statute of repose for legal malpractice actions states that an action for legal malpractice may not be commenced in any event, quote-unquote, more than six years after date on which the act or omission occurred. So how do you deal with the phrase, in any event? He may try and hang his hat on that, I suspect. With regards to that, first of all, 217 is an absolute rule. There are no exceptions to it. 214.3 provides exceptions for tolling in periods of minority, military service, so forth and so on, as this case has been told repeatedly. You're saying, obviously, the case still recognizes exceptions as statute of repose. Yes. So in any event, obviously, it wouldn't be controlling, and you wouldn't have these decisional exceptions. Yes. Okay. Furthermore, to not recognize 217 would put forth an injustice for my client. Statute 217 is put forth to give meaning, to basically give him an additional year to refile when a matter has been dismissed for warranted prosecution. The legislature originally put forth an amendment, specifically Public Act 89-7, as cited in my brief, which originally had amended 217. Later on, that was overruled and changed over back to the original verbiage of 217, with the original verbiage of 217 being reinstated in this case, to ignore that and allow the legislature, as the legislature has not changed 217 back in any way, shape, or form, to ignore a dismissal for warranted prosecution. Are you talking about the Civil Justice Reform Act? Yes, ma'am. Which was found unconstitutional. Yes. Are you familiar with the Positional Analysis Doctrine? I'm sorry, Your Honor? Positional Analysis Doctrine of Interpreting Statutes. Are you familiar with that? I apologize. I am not. Did you read it in the Looney case? Yes, I did. Doesn't that really get into that? They talk about the separate and subsequent location of the minority tolling provision. In that case, they held or suggested it was meant to apply to both the statute of limitations and the statute of repose. Where it is placed, chronologically speaking, gives rise to an argument one way or the other. Yes, yes. Do you understand what that is now? Yes, Your Honor. And specifically, it went so forth to say in there that several statutes relating to the same subject are governed by one spirit and a single policy. The legislature intended several statutes to be consistent and harmonious. Therefore, 217 should be read in accordance with 214.3 as they're part of the same general section of the Illinois Civil Procedure Code, which differs from another case. Specifically, it's different from the Lyman v. Lyman matter, which is an appellate court of Illinois case from the 4th District, which specifically examined the medical malpractice statute. And in that case, they held that basically it differs because it's, well, excuse me, that case was upheld and basically stated these statutes had to work together. Later on, Lyman v. Lyman was actually criticized in Portwood v. Ford Motor, which differs from Lyman in that, in that case, they were looking at two statutes from two separate sections. Specifically, the UCC and the Civil Procedure Code. And then they looked at the two together and said the UCC had to govern in that case. But again, that was the Illinois Supreme Court's case in 1998. So, therefore, with regards to 217, we're looking at interpreting the statutes together here of 214.3 and 217. Also... Well, Lyman helps you, correct? Yes. Okay. So it was criticized, but that's a case that obviously helps you. Yes, it does. Now, with regards to 217, 217 was declared unconstitutional later in time in the Best v. Taylor Machine Works matter. And, therefore, should be given priority over 214.3C. The legislature has later looked at it and amended it. And, furthermore, the judicial system has further overturned that matter and, again, amended it since the enactment of 214.3. What is the purpose of the statute of repose? The purpose of the statute of repose is basically to limit a liability for a defendant in a matter so that, furthermore, they're put on notice with regards to the matter initially at hand. And they have some certainty as to when it's going to take place, how long it's going to be in the system. Yes. In addition, it also provides that the issues that would be pertaining to discovery. For instance, if we have a never-ending matter where someone's never notified of a case and, you know, it goes on for years and years and years, there's numerous discovery issues that will arise. People lose paperwork. People change their minds. Things are destroyed. Things are lost over a period of time. So the statute of repose does provide for that. However, in this case specifically, this case was originally filed in 2001. My client originally retained the services of Kirtland & Johnson in 1998, and the case has not been not prosecuted properly in this matter. But, however, it has gone forward and, unfortunately, Mr. Kirtland, well, he has joined the military and that has stayed this matter repeatedly. It's not a matter of my client not serving the parties, as in other cases where there's an issue of service under 103B. It's not a matter of them not participating in this process. It's more or less a matter of saying, okay, you should get your day in court based upon the merits of this case, not based upon a dismissal for want of prosecution, which was entered with prejudice by Judge Bongiorno originally. Counsel, is this a case of first impression in the state of Illinois? I believe so, Your Honor. There are cases, as you've alluded to, that touched on whether or not the savings statute trumped the statute of repose and medical malpractice actions. Yes. But you're not aware of any cases that have dealt with this precise issue? No, there are not, not to my knowledge. Now, with regards to 217, 217, again, there are no exceptions that have been provided to it as of yet that I was able to find. The statute does not extend beyond one refiling, which provides that that way then the parties would be able to thus be made aware of the matter originally. And then after that, they're given a period of one year. This case was not refiled on the last day of that one-year period, but nearly within a matter of months following the dismissal by Judge Elsner. The case was refiled by our office with regards to that from Judge Bongiorno's dismissal for want of prosecution. And then within that period of time, Judge Elsner later made the ruling that the matter would be dismissed pursuant to 214.3. So, overall, I think it's important to, first of all, look at the purpose of the statute. Secondly, look at the legislative intent in this matter. We give it the plain and ordinary meaning. 217 has to have some sort of meaning, whether it trumps 214.3 or whether it doesn't comes down to today. With regards to the statutes, 214.3 and 217 must be interpreted together. The legislature has made that clear. Giving 217 its plain and ordinary meaning would thus extend the period of one year, as supported by both the Limer case and the Hinkle case in this matter. Now, with several statutes moving together and governed by a purpose here, I think that that puts forth a purpose that is not, you know, absurd or anything like that. Further, it is intended by the legislature could be examined in this matter in any other way. Furthermore, the issue of whether or not an injustice would result if my client was not given a hearing on the merits of this case. I'm fully aware of that. You know, to dismiss it today and say that ultimately 217 did not apply would thus terminate his cause of action absent some sort of further review. So, at this time, if your honors have any further questions. Okay, you have time for rebuttal after that, counsel. Thank you. And Mr. Hanley? Good morning. May it please the court. My name is Dan Hanley. I represent Ken Johnson as the appellate. I'm sorry. I agree that that is the issue of the case. It is 214.3, whether that is trumped by 217. I think if you read 214.3, it does say, as you pointed out, in no event shall an attorney malpractice case be commenced more than six years after the date at which the act or omission occurred. There is an exception that the legislature put into there. They allowed for the tolling. They didn't allow for a one-year refiling period, which they could have done when they prepared that or when they drafted that. I think when you're looking at 217, that could apply to other things besides those that have a statute of repose like this does. Why should a legal malpractice be any different than a legal malpractice? I'm not sure it should. And I will address those two cases where I'm sure you're going, which is the Hinkle case as well as the Lehmer case. The Lehmer case. If you notice, both of those cases were decided at a time prior to the Tort Reform Act, which amended 217. The legislature, impliedly, saw the decision in Lehmer and said, that is unjust. That shouldn't happen. Let's amend it to take out the dismissal warrant of prosecution and the voluntary non-suit, which admittedly or presumably are plaintiff's choices. Plaintiff decides to not show up for court. In this case, decided to not show up for court three times. Plaintiff decides to non-suit their case. They do that knowing that either the statute of repose or the statute of limitations are gone. I think that is the most recent and only indication in 217 of the legislature's intent with that section as it relates to 214.3. But the act is out, so. Because other sections of that act were ruled unconstitutional. And the court in Bessie-Taylor said, by reference, all the other amendments can't be severed, so those are also out. Right, unless the legislature revisits some of those other sections, which they did not. They have not in this case. Royal basis. Correct. So I think that's a neutral factor. You're making the argument they attempted to change, but since they haven't, since the Tort Reform Act was struck down and moved to change it, can't you equally argue that that is evidence of legislative intent on the other side? No, because the legislature didn't strike down their own. But they never, nevertheless, they never moved to reenact it. They haven't, but they did inform this court of their opinion as to where they intend that particular section to be. And that is to, in this case, to find that they can't refile. Based on the current statute, you're saying? Well, no, based on the amendment they made. That has been struck down. So we can't take that amendment and give it any weight. Well, I think you can look at it not for something, you can give it some weight in terms of the interpretation. The court came down with an interpretation. You want us to look at it for intent? Yes. And I don't think, there's no case that says you can't. There are cases that say you can. Again, there's no case that says you can, but I don't think there's any case that says this court can't look at a subsequent fact. to a statute to be an appropriate source for discerning legislative intent. Now, obviously, Lieberman did not involve a case where the statute was subsequently declared unconstitutional, but it doesn't say that you can't look at that subsequent enactment as the intent of the legislature. They clearly saw what the court had done in Finkel and said, or I'm sorry, Leimer and said, that's a problem. We can't allow that type of injustice to occur and have these defendants dragged into appellate courts and go back and forth into court just because the plaintiff did something wrong. Also, the O'Neill v. O'Neill case, which is a Supreme Court case from 1990, says in a court's interpretation, the statute are attributed to the statute unless a contrary intention of the legislature is made clear. It's my position that by amending 217 after the Lieberman decision was made and while Finkel was pending, which relied on Lieberman, the legislature made it clear to the court that they have a different interpretation and would like that court to follow. Well, since you seem to be placing a great deal of emphasis and sort of hanging your head on that interpretation and argument, but in Lieber, didn't the plaintiff there initially take a voluntary dismissal? Yes. Is that what happened here? Isn't there a distinction? The distinction was made by the legislature took that into account as well as a dismissal for warrant of prosecution when they included both of those as exceptions to the one-year refinement. Both the one-year, both the non-voluntary and the voluntary. They changed, you're saying? Yes. Even though, obviously, in Lieber, it differs from the facts of this case somewhat. Yes. Okay. Counsel, the question from my colleague before was why should legal malpractice be treated differently than medical? And you said you weren't sure it was, and then if we resolve this in your favor, aren't we going to be doing that? Well, no, I don't think you are, but it can be treated differently for several reasons. One, in a legal malpractice case, the plaintiff has the burden of proving not only that the malpractice was committed, but that they would have won their case. That drags out the time where a defendant would have to prove he's not liable for malpractice several more years, whereas a malpractice case, either they committed the malpractice, either they cut the wrong organ or they didn't. In this case, they would have to prove that not only did my client commit malpractice, but that the malpractice he committed was actually malpractice because they would have won their underlying claim against the insurance company. Now, my client is going to have to prove that 12 years ago, the insurance company didn't screw up. That makes it a lot harder. That makes it a lot harder than proving two years ago a doctor didn't screw up. Well, two years ago or when it was discovered, right? Correct. So it could be wrong. I mean, tell me how the refiling by applying the savings statute would frustrate the purpose of the statute of repose. How are you prejudiced? Just by what I said, if the – we're prejudiced because, especially in this case, and this is a great example of how this could be bad. This is 10 years ago. My client – this cause of action allegedly occurred 10 years ago. The supposed violation or – When was your client put on notice by a lawsuit being filed? How many years after the 10 years? I believe that would have been nine years ago he was put on notice. I believe he gets pretended for nine years. So where's the surprise? Where's the frustration of the statute here if you give that one extra year based on the savings statute? Well, in witnesses alone, coming back and trying to find witnesses from insurance companies nine, 10 years ago could be impossible. Okay, but the lawsuit was filed nine years ago. When was it dismissed for a wanted prosecution? I believe it was dismissed in March of 2008. Okay. So from the time that it was filed until March of 2008, were you doing discovery? Were you getting witnesses? Were you figuring out what type of case you had? Well, during part of that it was on stay, but at the beginning I wasn't initial counsel. I assume there was some attempt at discovery at the beginning, but, again, I wasn't initial counsel for the case. I didn't come on until six years after the fact. I guess your argument would make sense if the case happened 10 years ago and he's filing today for the first time. Then you have stale witnesses from nine years before. But if it was filed a year after, are the witnesses stale when you have a lawsuit pending for eight years before it's DWP? I believe in this case there are because I don't believe there was ever the parties ever came to issue to get to discovery. The case was in arbitration, first of all. When I came on, I filed a motion to dismiss, I believe, and a counterclaim as well, which we still hadn't had an appearance from Mr. Kerber, who was on military, detective military. So there would have been no discovery in this particular case. But I could see where there would be cases where discovery would have occurred and the witnesses wouldn't become stale. But in this case, we don't know who's out there. Well, who's fault is that? I would submit it's the plaintiffs. Well, you keep talking about nine years, but nine years is not relevant to the statute per se, is it? It just happens to be the court here. You've got to file it within six years, correct? Yes. All right. And in this case, it was filed within the time. I understand what you're saying, but the first purpose of the statute of repose is to eliminate indefinite potential liability. Okay? It's not frustrated here by the application of a stinking statute because the addition is one year. It still has a finite time period. It isn't like he can wait nine years to file a suit, is it? Can somebody wait nine years to file a suit? Or does somebody have to file it in six years and the savings clause extends an additional year? There are exceptions to it, as you know, in the statute. There are exceptions to allow for the filing beyond six years. But in this case, no, it would have had to have been filed within six years. Okay. So we're talking seven years, not nine years. Nine years is because of direct time of litigation. So I don't know that it's completely frustrated by adding one additional year only. And that's all I'm talking about, really, with the savings clause. Go ahead. I actually am. If there's no more questions, I'm actually done. Doesn't DELUNA analogize a med mal and a legal mal, basically? Yes, I believe it does. What is the purpose of the statute of repose? To pick a finite time where a case can be brought. Then the purpose of the savings statute is what? I'm not quite sure. Well, it depends on how you have an action on technical grounds. To give defendants and plaintiffs the opportunity not to get involved on a technical issue, but to be able to proceed to court, to have their day in court, correct? I think the legislature, in amending it, and, again, I go back to this, the legislature in amending it has said the purpose of the statute is not to allow for everybody to go back in after one year. The purpose of the statute is to allow diligent plaintiffs to go in after one year. But the legislature didn't amend it. They did, but it was unconstitutional, so therefore we do not have it. We have that issue, whether or not we can give any interpretation to a statute that was struck down. However, you've been throwing out the legislature didn't like the Limer case, and they moved and there was discussion. Where is that coming from? Do you have a legislative history you're referring to, or is this just sort of your own subjective interpretation? It's my own interpretation based on the timing of the amendment along with the decision of decision. But you have no legislative history. I have no floor debates that say Limer was banned. No, I don't. All right. Thank you, counsel. Thank you. And Ms. McEwen for rebuttal, please. With regards to the purpose of the savings statute, the purpose of the savings statute has already been put forth in a first district case, specifically the 217 savings statute, which states that it's designed to avoid hardship by extending the running of statutes of limitations where cases are dismissed for procedural reasons unrelated to the merits so that the plaintiff can have their day in court. My client is merely asking this court today to grant him his day in court. 217 was enacted later in time than 214.3. It was not specifically put in that section. However, 217 still applies to 214.3. The legislature should not have to amend each and every statute to make 217 apply. Therefore, the mere language of 217 specifically states in the actions specified in Article 13 of this act or any other act or contract where the time for commencing an action is limited. The mere preamble there specifically applies to all of these matters. Diligent prosecution in that mere issue has already been found to be irrelevant by the court in Francisi v. Trinco, as cited in my brief. It wasn't a diligent prosecution in this case. One of your co-counsel, or excuse me, your adversaries says that there were several times where he didn't show up to court. So, you know, in light of the fact that the litigants have that opportunity with the savings statutes, should the defendants be prejudiced if the litigant just decides not to come to court on several occasions and drags it out? Where's the fairness there? With regards to that issue specifically, I will be honest, I was not handling this matter from start to finish, so I'm not aware about what happens specifically with each instance of dismissal for want of prosecution. However, ultimately, I don't even think we get to that issue because the statute doesn't specifically state. It's whether or not diligent prosecution has taken place. If there was an issue of diligent prosecution in terms of service, 103B would apply. If there was issues of any other sort of diligence, the court would say, you have to be diligent. This case could not be dismissed for want of prosecution. But that language was already taken out by the amendment of Best, and then later no re-amendment of the statute. So I don't think we even get to that point. What about his argument that even though the statute, the amendment's found unconstitutional and it's gone, nevertheless, we can look to it for some guidance of interpreting things? I guess it would be sort of analogous to a legislative history sort of thing. Right. With regards to the Lieberman case that counsel was referring to, there they specifically stated, that was clarified later in People v. AGPRO, as stated in my brief once again, that they stated that we have never held a subsequent amendment may replace the plain meaning as the best evidence of the legislature's original intent. The legislature's original intent in enacting 217 should be examined, not some later intent in terms of we amended it and then it was reversed, we haven't gone back to it. Ultimately, it comes down to what law is on the books today. There's no bill pending before the legislature, to my knowledge, to further eliminate 217 or limit it in any way, shape, or form. Well, we're not saying that once the legislature enacts a statute, they can never retreat from the policy that gave rise to the statute. I mean, you seem to be saying that the original intent was controlled forever. They can't decide it was bad policy. You're not saying that, are you? No, no. Okay. But specifically in looking at the original legislative history, 217 was put forth for a reason. We have to give it some sort of purpose. If it applies to the medical malpractice realm, it should also apply here. With regards to the medical malpractice statute specifically, if you look at the Lieberman case, specifically the statute of limitations and the statute of repose were both put forth in the same statute, and 217 was held to apply there. Here, the same situation has taken place. 214.3 puts forth a statute of limitations and a statute of repose. 217 should also apply here, pursuant to its plain language. Furthermore, Lieberman specifically states the fullest meaning possible must be given to a statute, not the narrowest. So, therefore, 217, to eliminate that purpose and give no meaning to this statute, would thus render it useless. And the legislature doesn't put forth useless statutes or absurd statutes. They put forth statutes for some purpose or some meaning. Okay. Thank you. Thank you both for your arguments. The matter will be taken under advisement, decision to issue in due course.